# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                             CASE NO. 16-20062
                                                 HON. DENISE PAGE HOOD

v.

D-11 JERMELL COLEMAN,

    Defendant.
                                      /

## ORDER DENYING DEFENDANT'S
## REQUEST FOR ASSISTANCE [#630]

Defendant was one of 14 defendants in this case, and he was charged with RICO conspiracy, assault with a dangerous weapon in aid of racketeering, and using and carrying a firearm during and in relation to a crime of violence. On July 12, 2017, Defendant pleaded guilty to the RICO conspiracy charge. On February 8, 2018, he was sentenced to 90 months in prison and remanded to the custody of the United States Marshal before being turned over to the Bureau of Prisons.

On March 7, 2019, the Court received a letter from Defendant that stated:

> I am writing you out of desperation. Since I was last in your court in Spring 2018[,] nothing has gone correctly. After specifically pointing out I am not a member of any gang[,] I am still classified as a member. This has raised my public safety factor to greatest severity. With this being the case[,] I can not go to a camp or receive any benefits from RDAP.

> Even worse[,] I am at Forrest City (low) Facility [in Forrest City, Arkansas] and cannot receive my mental health medications. I have requested a transfer from the Facility. No action has been taken in either direction. I have written Formal Cop-outs to everyone from my counselor to the warden. I have even written Grand Prairie at their Designation and Sentencing Computation Center.
>
> I have earned camp points and would like to continue on a healthy mental path. Please help in any manner possible.

ECF No. 630, PgID 6168-69 ("Request for Assistance").

As a Northern District of Ohio court recently held, based on established Supreme Court law, this Court typically does not have the authority to participate in or direct any decisions regarding the classification or transfer of a prisoner in the custody of the Bureau of Prisons:

> Even if he were arguing Respondent interfered with his right to be transferred to a particular prison, that right does not exist. *See Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) (transfers and prison assignments are functions wholly within the discretion of the Bureau of Prisons). Prisoners generally have no due process liberty interest in their placement or classification while incarcerated. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), or that the Government's action "will inevitably affect the duration of his sentence," *id.* at 487. Petitioner has made neither showing.

*DeLong v. Coakley*, No. 4:12 CV 2572, 2013 WL 1947169, at *3 (N.D. Ohio May 9, 2013). Although the Court certainly hopes that Defendant's mental health needs are being addressed appropriately, Defendant has not presented the Court with any request over which the Court has jurisdiction. Accordingly,

IT IS ORDERED that Defendant's Request for Assistance [ECF No. 630] is DENIED.

IT IS ORDERED.

Dated: November 26, 2019           s/Denise Page Hood
                                   DENISE PAGE HOOD
                                   UNITED STATES DISTRICT JUDGE